IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:11-2177-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DALTON MACKENZEE | ) | |
| | ) | |
| _____ | ) | |

The defendant, Dalton Lee MacKenzee, was tried in this court and found not guilty by reason of insanity. In an order dated April 29, 2013, this court, acting pursuant to the requirements of 18 U.S.C. § 4243, required that the defendant be returned to Federal Correctional Institution at Butner, North Carolina, for further evaluation and treatment. The court announced its intention to hold a hearing on the question of when and under what circumstances the defendant should be released on May 24, 2013.

The medical professionals at FCI Butner thereafter requested a postponement of the hearing, suggesting that their heavy case load prevented them from adequately reviewing the defendant's medical progress. The court granted the postponement and the matter came before this court for a final hearing on July 1, 2013. At that hearing, the court announced that it had reviewed the forensic report issued by physicians at FCI Butner and filed pursuant to § 4243 and invited counsel for the parties to comment upon the report. The government indicated that it had no objection to the conclusions reached by the medical professionals at Butner. Debra Chapman, the court-appointed attorney for the defendant, suggested that

1

based on the psychiatric report alone, the defendant had carried his burden of proof required under § 4243(b).

After carefully reviewing all of the circumstances of this case, including its procedural history, all medical reports that have been filed thus far, including the most recent psychiatric report from FCI Butner, the court concluded, without objection by the government, that the defendant has carried his burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property or another due to a present mental disease or defect.

Accordingly, the court ordered that the defendant be released from custody at the conclusion of the hearing. Before doing so, however, the court noted that the defendant is still under the jurisdiction of this court pursuant to a supervised release sentence imposed for a prior offense. The court informed the defendant that he remained subject to all of the fourteen standard conditions of supervised release, as well as an additional, special condition as follows: The defendant shall participate in a mental health treatment program as directed by the United States Probation Office, and shall take all medications as prescribed by his treating psychiatrist. All of the general conditions and the one special condition of supervised release were read to the defendant, verbatim, in the courtroom. This order is being entered to memorialize the proceedings that occurred on July 1, 2013.

    IT IS SO ORDERED.

July 3, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge